**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

Michael Duke Reeves,

        Petitioner,

v.

Jeh J. Johnson, in his
official capacity as Sec. of
DHS et al.

        Respondents.

Civil Action No. 15-1962(SRC)

**OPINION**

**CHESLER**, District Judge

This matter comes before the Court upon Petitioner's submission of a self-styled civil complaint, which also implicitly contains a request for habeas relief. ("Pet.")(Doc. No. 1-1). Petitioner also filed an application to proceed in forma pauperis (Doc. No. 1-2), and a motion for a temporary restraining order (Doc. No. 3.) Petitioner is an alien detained at the Hudson County Corrections Facility. (Pet. at 1.) This Court recently denied a habeas petition challenging the reinstatement of Petitioner's prior removal order. Order, Reeves v. Holder et al, Civ. Action No. 15-1689(SRC) ("Reeves I") (D.N.J. March 17, 2015) (ECF No. 9.) For the following

1

reasons, the IFP application will be granted, habeas relief will be denied, and the civil claims will be dismissed without prejudice.

I.   **BACKGROUND**

Plaintiff seeks release from detention and dismissal of the removal proceedings against him,[1] and money damages on the theory that his detention is unlawful. (Pet. at 11-13.) Habeas claims and civil claims for money damages must be brought in separate actions. See e.g., Alamo v. Zickefoose, Civil No. 11-5416 (JBS), 2012 WL 2263282, at *2 (D.N.J. June 15, 2012)(addressing habeas claims and dismissing Bivens claims without prejudice). The Court will treat the present action as a habeas petition because Petitioner seeks release upon determination that his

---

[1] Petitioner seeks an order restraining DHS/ICE from detaining and removing him because his conviction is more than ten years old. (Motion for TRO, Doc. No. 1-3). The Court construes Petitioner's motion for a temporary restraining order as a request for habeas relief because he is seeking release from custody and prohibition of his removal. See e.g., Kurtishi v. Cicchi, 270 F. App'x 197, 200 (3d Cir. 2008)(district court vacated temporary restraining order as improvidently granted because it lacked jurisdiction under the REAL ID Act to address challenge of a removal order). If Petitioner seeks injunctive relief for others similarly situated, he must file a separate civil action, but he will need to establish standing to bring such a claim. "In challenging the application of a federal statute, the challengers must show that they have already sustained, or are in immediate and certain danger of sustaining, a real and direct injury." Gayle v. Johnson, 4 F.Supp.3d 692, 712 (citing O'Shea v. Littleton, 414 U.S. 488, 494 (1974); Massachusetts v. Mellon, 262 U.S. 447, 488 (1923)).

2

detention is unlawful,[2] and Petitioner's civil claims for damages will be dismissed without prejudice, allowing Petitioner to bring those claims in a separate action.

Here, Plaintiff has not paid the $5.00 filing fee required for a habeas petition, but he has filed an application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.  (Doc. No. 1-2.)  Petitioner has established that he cannot afford to pay the filing fee, and his IFP application will be granted.

Petitioner's prior habeas petition in this Court provides necessary background for Petitioner's present claims.  On February 19, 2015, an immigration judge ("IJ") ruled that Petitioner's detention was governed by Section 236(a) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1226(a);[3] thus, Petitioner was not subject to mandatory detention.  (Reeves I, Doc. No. 4 at 3.)  Therefore, he was granted a bond hearing, but he was found to be a flight risk and denied bail.  (Id. at 3-4.)  See Contant v. Holder, 352 F. App'x 692, 695 (3d Cir. 2009)(noting aliens detained under § 1226(a)

---

[2] 28 U.S.C. § 2241(c)(3) provides jurisdiction for district courts to grant a writ of habeas corpus if the petitioner is in custody in violation of the Constitution, or laws or treaties of the United States.
[3] 8 U.S.C. § 1226(a) provides that an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States, and the Attorney General may detain the alien or release the alien on bond.  See Contant v. Holder, 352 F. App'x 692, 695 (3d Cir. 2009)(distinguishing detention under § 1226(c) and § 1226(a)).

3

can request a bond redetermination hearing under 8 C.F.R. § 236.1(d)(1), and appeal the IJ's bond determination to the Board of Immigration Appeals ("BIA") under 8 C.F.R. § 236.1(d)(3)).

In the present action, Petitioner seeks release from detention and money damages for violations of his rights, and the rights of others similarly situated. Petitioner alleges:

> The plaintiff is challenging the practice of DHS/ICE of aggressive targeting of aliens with decades old convictions because they are easy prey. DHS/ICE conducts this practice under the false banner of removing these people, such as Mr. Reeves, as aggravated felons and a danger to the public, exercising no temporal limits or discretions, even though those people had went on with their lives and been law abiding for decades. Here, Mr. Reeves is accused in a similar fashion as a danger to the public when he has been in the public going on two decades and has caused no problems and has not once been accused of harming a single person since his offense happened nearly 26 years ago.

(Pet. at 2.) Specifically, Petitioner challenges DHS/ICE's authority to detain criminal aliens, pursuant to 8 U.S.C. § 1226(c), despite the age of their prior convictions. (Id. at 8-11.)

Petitioner further alleges that if DHS/ICE were to follow the directives regarding prosecutorial discretion in the Secretary of DHS's November 20, 2014 memorandum[4], Petitioner

---

[4] The DHS Memorandum is attached as an exhibit to the Petition. (Doc. No. 1-1.)

4

would be released and not removed. (Id. at 3-6.) The factors described in the memorandum include extended length of time since offense; length of time in the United States, extensive ties to the community, victim in criminal proceedings, humanitarian needs, poor health, and seriously ill relative, all of which Petitioner contends are favorable to his release. (Id. at 3-4.)

Petitioner also seeks to raise a constitutional challenge to his detention and the basis for his removal. He alleges:

> Without DHS/ICE unduly using the prior convictions as the basis to keep the Plaintiff detained and removed, he is able to get on with his life and remain with his family. Such practices are unfair and have not been fully challenged for its fairness. DHS/ICE must be force [sic] to result to constitutionally permissible ways in the interest of the fairness of justice.
>
> At this point of the aggression of DHS/ICE against the alien community for aliens that falls in this class, "primary" determiner of constitutional questions involving fairness of locking up and removing aliens decades after they have committed their offense and moved on with their life is at large. This court has the power to enter a restraining order against DHS/ICE to protect immigrant families. It is unreasonable for DHS/ICE to based [sic] it classification of Mr. Reeves on 25 years old conviction. Given that twenty five years have passed since [petitioner's offenses] there appear to be no public safety factors justifying his removal.

(Id. at 7-8.)

Plaintiff further explained his claims:

> The immigration reform act of 1996-1997 under AEDPA and IRRIRA, drastically expanded the class of offenses for which an alien can become inadmissible and/or be removed. The law may be applied to convictions before, on, or after the effective dates, but it did not seem to suggest to DHS/ICE that they should exercise no temporal limitation and go after aliens with decades old convictions. DHS/ICE is using AEDPA AND IRRIRA as the vehicle to guarantee removal of these aliens. It all amounts to abuse of discretion by the federal agency.

(Id. at 11.)

For relief, Plaintiff seeks money damages for himself, his wife, and his daughter for pain and suffering based on his 10-month detention; damages for all alien family members who have suffered separation from a loved one based on a conviction that was more than a decade old; creation of a trust fund to support and counsel such families; other injunctive relief, that DHS/ICE be fined for abuse of prosecutorial discretion; and a permanent restraining order against DHS/ICE prohibiting future detention of aliens whose convictions happened over a decade ago and releasing those currently in detention. (Id. at 11-13.)

## II. DISCUSSION

Petitioner's claim that DHS/ICE abused its prosecutorial discretion in detaining him for reinstatement of removal proceedings based on his prior conviction is barred by the REAL ID Act. See Rodrigues v. Att'y Gen. U.S., 414 F. App'x 484, 488

(3d Cir. 2011)(the REAL ID Act bars review of the Government's decisions to initiate removal proceedings, citing 8 U.S.C. § 1252(g)). While a habeas court has jurisdiction over an alien's challenge to his detention during pre-final removal order proceedings,[5] as this Court noted in Reeves I, Petitioner is not entitled to such relief because he was provided a bond hearing and was determined to be a flight risk.[6]

The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions. See Pisciotta v. Ashcroft, 311 F.Supp.2d 445, 454 (D.N.J. Jan. 9, 2004)(decision to detain petitioner without bond under 8 U.S.C. § 1226(a) was nonreviewable discretionary agency decision, pursuant to § 1226(e)). Moreover, Petitioner has not argued that he was denied procedural due process in his bond hearing.

---

[5] Diop v. ICE/Homeland Security, 656 F.3d 221, 231 (3d Cir. 2003).

[6] In Baguidy v. Elwood, the court held that where a criminal alien was taken into custody nine years after his criminal conviction, his detention was not mandatory within the meaning of 1226(c), which required detention soon after release from conviction. Baguidy, Civ. Action No. 12-4635 (FLW), 2012 WL 5406193, at *9 (D.N.J. Nov. 5, 2012). Because ICE had the discretion to detain Petitioner under § 1226(a), the remedy was not release from custody but to order that Petitioner be provided a bond hearing to determine whether he was a flight risk or danger to the community. Id.

Compare Gayle v. Johnson, -- F.Supp.3d --, 2015 WL 351669, at *7 (D.N.J. Jan. 28, 2015)(addressing procedural adequacy of Joseph hearing, "where mandatory detention is constitutionally permissible, due process still requires "adequate procedural protections.")

Petitioner also purports to challenge the constitutionality of 8 U.S.C. § 1226(c), asserting it is unjustly applied to aliens whose criminal convictions are more than ten years old. Petitioner lacks standing to assert such a claim for habeas relief[7] because an IJ determined he is detained under 8 U.S.C. § 1226(a), not § 1226(c). (Reeves I, ECF No. 4 at 3.); see Burns v. Cicci, 702 F.Supp.2d 281, 294 (D.N.J. 2010)(where mandatory provisions of § 1226(c) were inapplicable to the petitioner, court declined to reach his constitutional challenges). While a habeas court has jurisdiction over constitutional claims challenging the statutory framework under which an alien is detained, Petitioner is not detained under § 1226(c).

Petitioner also appears to challenge the statute that authorizes removal of aliens who were convicted of a crime, no matter the age of the conviction. However, Petitioner has not identified which statute governs his removal proceedings nor

---

[7] If Petitioner can establish that he was unlawfully detained under 8 U.S.C. § 1226(c) at some point in the past, he may have standing to bring a civil claim for damages for that period of time.

does he identify what provision of the constitution has allegedly been violated.  See National Aeronautics and Space Admin. v. Nelson, 562 U.S. 134, 160 (2011)(J. Scalia, concurring)(observing the "remarkable and telling fact" that Respondents did not identify the provision of the Constitution that they alleged was violated).  Therefore, Petitioner has not stated a claim entitling him to habeas relief, and the petition will be dismissed.  See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.")

Dated: 3/24/15

_____
STANLEY R. CHESLER
**United States District Judge**